1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

GRANGE INSURANCE ASSOCIATION,  a
Washington insurer; and ROCKY
MOUNTAIN FIRE & CASUALTY CO., a
Washington insurer,

CASE NO. 13-5362 RBL

ORDER ON MOTION FOR
CONTINUANCE.

10

11

Plaintiffs,

[DKT. #17]

12

v.

13

DARYL LUND, a Washington resident;
JAMES P. SPURGETIS, as Guardian for the
Estate of GARY DVOJACK, and SARAH
DVOJACK, a Washington resident,

14

15

Defendants,

16

v.

17

CENTURY SURETY COMPANY, a foreign
insurer, JO & JA, INC., a Washington
corporation, LAURIE RAGER, and JAMES
MICHAEL ABBOTT,

18

19

20

Third-Party Defendants.

21

**I.   INTRODUCTION**

22

THIS MATTER is before the Court on third-party defendant Century Surety's Motion for

23

Summary Judgment [Dkt. #15], and defendant/third-party plaintiff Dvojack's Motion for

24

ORDER - 1

1   Continuance. [Dkt. #17].  Century seeks summary judgment on Dvojack's claims for breach of

2   contract, bad faith and Consumer Protection Act violations.  [Dkt. #15].  In response, Dvojack

3   asks the Court to continue the Motion under Fed. R. Civ. P. 56(d).  He claims he needs to

4   conduct essential discovery related to the claims recently assigned to him by Jo & Ja, Inc. and

5   Daryl Lund (collectively "Jo & Ja"). [Dkt. #17].

6                          II.      BACKGROUND

7          This bad faith lawsuit arises out of a personal injury action pending in Thurston County

8   Superior Court.  In short, James P. Spurgetis, Guardian of the Estate of Gary Dvojack, seeks to

9   recover personal injury damages from Jo & Ja, Inc. dba The Star Tavern, the tavern's owner,

10  Daryl Lund, and the tavern's bartender, Laurie Rager, for injuries sustained as a result of an

11  altercation at the Star Tavern in 2010.  Century insured Jo & Ja at the time of the incident. On

12  August 16, 2012, Century filed a declaratory relief action, *Century Surety v. Spurgetis, et al.*,

13  Case No. 12-cv-5731 RBL ["First Action"], in this Court to determine Century's rights and

14  obligations under the policy.  [Id., Dkt. #1].  On March 12, 2013, this Court ruled that Century's

15  coverage obligation was subject to a $250,000 wasting limit.  [Id., Dkt. #46].  On March 15,

16  2013, Century's counsel notified counsel for Jo & Ja and Ms. Rager of the remaining available

17  limits of coverage and encouraged the parties to explore settlement of the personal injury claim.

18  [Dkt. #16-2].

19         Settlement negotiations between Century, Jo & Ja, and Dvojack began on March 22,

20  2013. [Dkt. #s 20-3, 23-2].  A settlement offer subject to certain terms and conditions was

21  communicated by counsel for Jo & Ja to Dvojack's counsel on March 27, 2013.  [Dkt. #23-5].

22  Paragraph two of the settlement offer conditioned payment to settle Dvojack's claims on

23  Dvojack's execution of a release that comprehensively released "any and all claims against all

24

1 | defendants and all of their insurers that in any way relate to or arise out of any of the allegations

2 | in the Complaint." *Id*.  On March 28, 2013, Dvojack's attorney asked Century to clarify whether

3 | its participation in the settlement was conditioned on it obtaining a release of claims against it by

4 | its insured.  [Dkt. #23-6, p. 3].

5 | Century did not respond to this request, but on March 31, 2013, its counsel prepared an

6 | "Acknowledgement and Agreement Re: Proposed Settlement" to be signed by its insured, Jo &

7 | Ja.  [Dkt. #23-7, p.2].  In an e-mail dated April 1, 2013, counsel for Jo & Ja expressed that he

8 | could not recommend the insured sign that document.  [Dkt. #23-8].  On April 4, 2013, the day

9 | after the settlement offer expired, Century's attorney contacted Jo & Ja's attorney to assure him

10 | that it was "not making a release of the insurer a condition of settlement."  [Dkt. #23-9].

11 | On April 16, 2013, Dvojack and Jo & Ja entered into a Covenant Judgment Settlement

12 | Agreement. [Dkt. #23-15].  Per the agreement, Jo & Ja agreed to file and serve upon Century

13 | cross-claims for declaratory judgment, breach of contract, CPA violations and bad faith. [Dkt.

14 | #23-15, p.5; Dkt. #1-9, p. 81-83].  Jo & Ja further agreed to assign to Dvojack these and all other

15 | claims arising out of Century's contract obligations and common law and statutory/regulatory

16 | duties that Jo & Ja may have against Century. *Id*.

17 | On June 6, 2013, Century moved for Summary Judgment on all of the claims Dvojack

18 | obtained from Jo & Ja.  [Dkt. #15].  Century's claim is that this Court's March 12, 2013 Order in

19 | the First Action bars the claims asserted here. *Id*. First, Century asserts that the pending cross-

20 | claims for breach of contract, CPA violations and bad faith are "duplicative" of the prior claims

21 | for breach of contract, CPA violations and bad faith raised in the First Action, and thus are

22 | barred by the doctrine of res judicata. *Id*. at 15.  Second, Century argues that this Court has

23 | already rejected Jo & Ja's claim that Century breached its duty to defend when it defended its

24 |

ORDER - 3

1   insured subject to the $250,000 wasting limit and not the $1,000,000 non-wasting limit when it

2   ordered that the $250,000 wasting limit of coverage applied.  [Dkt. #15]. As a result, Century

3   alleges that any claims Dvojack acquired for breach of contract, CPA violations, and bad faith

4   either were or should have been brought in the First Action and are now barred.  [Dkt. #15].

5            In response, Dvojack argues that a continuance of Century's Motion is necessary in order

6   to obtain additional discovery without which he "cannot present facts essential to justify [his]

7   opposition" to the motion.  [Dkt. #17; *citing* Rule 56(d)].  Specifically and most persuasively

8   Dvojack claims he needs discovery into his claim that Century sought to impose conditions on

9   the proposed settlement, and emphasizes that this occurred *after* the March 12, 2013 Order.

10  [Dkt. #17].

### III.   DISCUSSION

12           Century argues that Dvojack's claims are precluded by the doctrine of res judicata and

13  that even if they are not, Dvojack has all the discovery that is needed to oppose its summary

14  judgment motion.  [Dkt. #s 17, 22]. It therefore asks the Court to deny the motion for a

15  continuance and grant summary judgment.

16           A party can oppose a motion for summary judgment by showing by affidavit or

17  declaration that it cannot present facts essential to justify its opposition. *See* Fed. R. Civ. P.

18  56(d). Upon such a showing, a court may "(1) Deny the motion; (2) Order a continuance to

19  enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

20  (3) Issue any other just order." *Id*. "In making a Rule 56(f) motion, a party opposing summary

21  judgment must make clear what information is sought and how it would preclude summary

22  judgment." *Margolis v. Ryan*, 140 F.3d 850 (9th Cir. 1998).

23

24

1    Dvojack asserts that he cannot present facts essential to justify its opposition to the

2    motion because these claims were only recently acquired through the settlement agreement

3    reached on April 16, 2013, by Dvojack and Jo & Ja, and the settlement agreement reached by

4    Dvojack and James Abbott on May 28, 2013.  [Dkt. #17, p.2].  Dvojack argues that additional

5    discovery will uncover documentary and testimonial evidence that Century offered a settlement

6    in bad faith on the express condition that Century be released of all claims from plaintiffs. [Dkt.

7    #18, p. 3].  Dvojack also argues that additional discovery might show that Century committed

8    bad faith in failing to defend co-defendant James Abbott in the underlying state action. *Id*.

9    Dvojack seeks evidence in support of both claims.

10    Because he has not had an opportunity to investigate at least one of these two claims,

11    Dvojack's Motion for Continuance is GRANTED. Because the discovery may not be

12    straightforward after the Washington Supreme Court's decision in *Cedell v. Farmers Ins. Co.*,

13    176 Wash.2d 686 (2013), Century's Motion for Summary Judgment is RENOTED for

14    September 27, 2013.

15                              **IV.    CONCLUSION**

16    The Motion for Continuance [ Dkt. #17] is GRANTED. The Motion for Summary

17    Judgment [Dkt. #15] is RENOTED for September 27, 2013.

18    IT IS SO ORDERED.

19    Dated this 23rd day of July, 2013.

20

21                              _____

22                              RONALD B. LEIGHTON
                              UNITED STATES DISTRICT JUDGE

23

24