HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GRANGE INSURANCE ASSOCIATION, a Washington insurer; and ROCKY MOUNTAIN FIRE & CASUALTY CO., a Washington insurer, <br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>DARYL LUND, a Washington resident; JAMES P. SPURGETIS, as Guardian for the Estate of GARY DVOJACK, and SARAH DVOJACK, a Washington resident,<br><br>　　　　　　　Defendants,<br><br>　　v.<br><br>CENTURY SURETY COMPANY, a foreign insurer, JO & JA, INC., a Washington corporation, LAURIE RAGER, and JAMES MICHAEL ABBOTT,<br><br>　　　　　　　Third-Party Defendants. | CASE NO. 13-5362 RBL<br><br>ORDER ON MOTION FOR CONTINUANCE.<br><br>[DKT. #17] |

## I.   INTRODUCTION

THIS MATTER is before the Court on third-party defendant Century Surety's Motion for Summary Judgment [Dkt. #15], and defendant/third-party plaintiff Dvojack's Motion for

ORDER - 1

1  Continuance. [Dkt. #17]. Century seeks summary judgment on Dvojack's claims for breach of
2  contract, bad faith and Consumer Protection Act violations. [Dkt. #15]. In response, Dvojack
3  asks the Court to continue the Motion under Fed. R. Civ. P. 56(d). He claims he needs to
4  conduct essential discovery related to the claims recently assigned to him by Jo & Ja, Inc. and
5  Daryl Lund (collectively "Jo & Ja"). [Dkt. #17].

6                    II.    BACKGROUND

7       This bad faith lawsuit arises out of a personal injury action pending in Thurston County
8  Superior Court. In short, James P. Spurgetis, Guardian of the Estate of Gary Dvojack, seeks to
9  recover personal injury damages from Jo & Ja, Inc. dba The Star Tavern, the tavern's owner,
10 Daryl Lund, and the tavern's bartender, Laurie Rager, for injuries sustained as a result of an
11 altercation at the Star Tavern in 2010. Century insured Jo & Ja at the time of the incident. On
12 August 16, 2012, Century filed a declaratory relief action, *Century Surety v. Spurgetis, et al.*,
13 Case No. 12-cv-5731 RBL ["First Action"], in this Court to determine Century's rights and
14 obligations under the policy. [Id., Dkt. #1]. On March 12, 2013, this Court ruled that Century's
15 coverage obligation was subject to a $250,000 wasting limit. [Id., Dkt. #46]. On March 15,
16 2013, Century's counsel notified counsel for Jo & Ja and Ms. Rager of the remaining available
17 limits of coverage and encouraged the parties to explore settlement of the personal injury claim.
18 [Dkt. #16-2].

19      Settlement negotiations between Century, Jo & Ja, and Dvojack began on March 22,
20 2013. [Dkt. #s 20-3, 23-2]. A settlement offer subject to certain terms and conditions was
21 communicated by counsel for Jo & Ja to Dvojack's counsel on March 27, 2013. [Dkt. #23-5].
22 Paragraph two of the settlement offer conditioned payment to settle Dvojack's claims on
23 Dvojack's execution of a release that comprehensively released "any and all claims against all
24

1  defendants and all of their insurers that in any way relate to or arise out of any of the allegations
2  in the Complaint." *Id*. On March 28, 2013, Dvojack's attorney asked Century to clarify whether
3  its participation in the settlement was conditioned on it obtaining a release of claims against it by
4  its insured. [Dkt. #23-6, p. 3].

5        Century did not respond to this request, but on March 31, 2013, its counsel prepared an
6  "Acknowledgement and Agreement Re: Proposed Settlement" to be signed by its insured, Jo &
7  Ja. [Dkt. #23-7, p.2]. In an e-mail dated April 1, 2013, counsel for Jo & Ja expressed that he
8  could not recommend the insured sign that document. [Dkt. #23-8]. On April 4, 2013, the day
9  after the settlement offer expired, Century's attorney contacted Jo & Ja's attorney to assure him
10 that it was "not making a release of the insurer a condition of settlement." [Dkt. #23-9].

11       On April 16, 2013, Dvojack and Jo & Ja entered into a Covenant Judgment Settlement
12 Agreement. [Dkt. #23-15]. Per the agreement, Jo & Ja agreed to file and serve upon Century
13 cross-claims for declaratory judgment, breach of contract, CPA violations and bad faith. [Dkt.
14 #23-15, p.5; Dkt. #1-9, p. 81-83]. Jo & Ja further agreed to assign to Dvojack these and all other
15 claims arising out of Century's contract obligations and common law and statutory/regulatory
16 duties that Jo & Ja may have against Century. *Id*.

17       On June 6, 2013, Century moved for Summary Judgment on all of the claims Dvojack
18 obtained from Jo & Ja. [Dkt. #15]. Century's claim is that this Court's March 12, 2013 Order in
19 the First Action bars the claims asserted here. *Id*. First, Century asserts that the pending cross-
20 claims for breach of contract, CPA violations and bad faith are "duplicative" of the prior claims
21 for breach of contract, CPA violations and bad faith raised in the First Action, and thus are
22 barred by the doctrine of res judicata. *Id*. at 15. Second, Century argues that this Court has
23 already rejected Jo & Ja's claim that Century breached its duty to defend when it defended its
24

insured subject to the $250,000 wasting limit and not the $1,000,000 non-wasting limit when it ordered that the $250,000 wasting limit of coverage applied. [Dkt. #15]. As a result, Century alleges that any claims Dvojack acquired for breach of contract, CPA violations, and bad faith either were or should have been brought in the First Action and are now barred. [Dkt. #15].

In response, Dvojack argues that a continuance of Century's Motion is necessary in order to obtain additional discovery without which he "cannot present facts essential to justify [his] opposition" to the motion. [Dkt. #17; *citing* Rule 56(d)]. Specifically and most persuasively Dvojack claims he needs discovery into his claim that Century sought to impose conditions on the proposed settlement, and emphasizes that this occurred *after* the March 12, 2013 Order. [Dkt. #17].

### III.   DISCUSSION

Century argues that Dvojack's claims are precluded by the doctrine of res judicata and that even if they are not, Dvojack has all the discovery that is needed to oppose its summary judgment motion. [Dkt. #s 17, 22]. It therefore asks the Court to deny the motion for a continuance and grant summary judgment.

A party can oppose a motion for summary judgment by showing by affidavit or declaration that it cannot present facts essential to justify its opposition. *See* Fed. R. Civ. P. 56(d). Upon such a showing, a court may "(1) Deny the motion; (2) Order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) Issue any other just order." *Id*. "In making a Rule 56(f) motion, a party opposing summary judgment must make clear what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850 (9th Cir. 1998).

Dvojack asserts that he cannot present facts essential to justify its opposition to the motion because these claims were only recently acquired through the settlement agreement reached on April 16, 2013, by Dvojack and Jo & Ja, and the settlement agreement reached by Dvojack and James Abbott on May 28, 2013. [Dkt. #17, p.2]. Dvojack argues that additional discovery will uncover documentary and testimonial evidence that Century offered a settlement in bad faith on the express condition that Century be released of all claims from plaintiffs. [Dkt. #18, p. 3]. Dvojack also argues that additional discovery might show that Century committed bad faith in failing to defend co-defendant James Abbott in the underlying state action. *Id*. Dvojack seeks evidence in support of both claims.

Because he has not had an opportunity to investigate at least one of these two claims, Dvojack's Motion for Continuance is GRANTED. Because the discovery may not be straightforward after the Washington Supreme Court's decision in *Cedell v. Farmers Ins. Co.*, 176 Wash.2d 686 (2013), Century's Motion for Summary Judgment is RENOTED for September 27, 2013.

### IV.  CONCLUSION

The Motion for Continuance [ Dkt. #17] is GRANTED. The Motion for Summary Judgment [Dkt. #15] is RENOTED for September 27, 2013.

IT IS SO ORDERED.

Dated this 23rd day of July, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE