HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GRANGE INSURANCE ASSOCIATION, a Washington insurer; and ROCKY MOUNTAIN FIRE & CASUALTY CO., a Washington insurer,<br><br>Plaintiffs,<br><br>v.<br><br>DARYL LUND, a Washington resident; JAMES P. SPURGETIS, as Guardian for the Estate of GARY DVOJACK, and SARAH DVOJACK, a Washington resident,<br><br>Defendants,<br><br>CENTURY SURETY COMPANY, a foreign insurer, JO & JA, INC., a Washington corporation, LAURIE RAGER, and JAMES MICHAEL ABBOTT,<br><br>Third-Party Defendants. | CASE NO. 13-cv-5362 RBL<br><br>ORDER DENYING DEFENDANTS' RULE 60(b) MOTION FOR RELIEF FROM JULY 12, 2013 ORDER AND DEFENDANTS' MOTION FOR INTERLOCUTORY REVIEW UNDER 28 U.S.C. § 1292 |

THIS MATTER is before the Court on defendants/third-party plaintiffs Spurgetis's and Dvojack's Motion for Relief (Dkt. #33). Having considered the briefs and the entirety of the record, the Court denies the Motion for the following reasons:

ORDER - 1

1. Defendants argue that the Court lacks jurisdiction because "Century Surety is not a 'defendant' under 28 U.S.C. § 1441(a), but rather is a third-party defendant who had no legal right to remove." Defendants failed, however, to make that argument in their Motion to Remand.

2. Notwithstanding the fact that Defendants failed to raise that argument, the assertion lacks support in the Ninth Circuit. While other circuits have addressed this question, the Ninth Circuit has declined to do so.

3. In the circuits that *have* chosen to address this question, courts have reasoned that third-party removal is improper because the third-party claims are usually ancillary to the main claim. Thus, allowing a third-party defendant to remove is akin to letting the "tail wag the dog." In this case, the only issues that remain are bad faith claims against Century Surety. In other words, Century is the dog. Thus, the policy concerns against third-party removal would not be served by remanding this action.

4. Even assuming that this Court lacked jurisdiction at the time of removal, it had jurisdiction at the time it denied remand. Jo & Ja settled with the Dvojacks on April 22, 2013, and James Michael Abbott settled with the Dvojacks on May 28, 2013. The Order denying remand was issued on July 12, 2013. In *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996), the Supreme Court held that defects in removal do not warrant remand after judgment when jurisdiction is later corrected. An opposite course would undermine "considerations of finality, efficiency, and economy." *Id.* at 75. Although not post-judgment, similar policy considerations apply here. The Court has invested heavily in the parties' related case, *Century Surety Co. v. Spurgetis*, No. 12-cv-5731 (W.D. Wash. 2012); the parties' interests were aligned against Century Surety at the

1  time of removal; and granting remand when jurisdiction is proper would undermine

2  judicial economy.

3  If the Order ever involved a controlling question of law as to third-party defendant

4 removal, it no longer does. Diversity has been perfected, and thus the Court will not certify this

5 matter for appellate review.  The Court **DENIES** Spurgetis and Dvojack's Rule 60(b) Motion for

6 Relief from Order Denying Remand and Motion for Interlocutory Review. [Dkt. #33].[1]

7  IT IS SO ORDERED.

8  Dated this 2nd day of August, 2013.

10  _____
    RONALD B. LEIGHTON
11  UNITED STATES DISTRICT JUDGE

---

[1] The Court also denies Dvojack's irreverent request that the Court expunge from its July 12th Order the assertion that Dvojack made "threatening remarks" to Rager and Abbot. They write: "[i]f the Court has a scientific basis for asserting that Dvojack threatened Rager and Abbott, the Dvojacks request the Court to disclose what it is." First, the Court would caution counsel to use a professional tone.  Second, it is unclear what Defendants mean by "scientific basis." Third, a jury found that Mr. Abbott used lawful force to defend himself against Mr. Dvojack. (*Century Surety Co. v. Spurgetis*, No. 12-cv-5731 (W.D. Wash. 2012) (Ferestian Decl., Ex. I (Special Verdict Form)) ("QUESTION: Did the defendant, Mike Abbott, prove by a preponderance of the evidence that the use of force was lawful? Answer: Yes."). The use of force is reasonable when used by a person who reasonably believes he is about to be injured. (*Id.*, Ferestian Decl., Ex. H (jury instruction on lawful use of force)). Thus, a jury has found that Mr. Dvojack gave Mr. Abbott reason to believe he was going to be injured. Fourth, both Mr. Abbott and Ms. Rager testified in graphic detail about Mr. Dvojack's statements, and to the Court's knowledge, counsel has failed to provide any evidence in either this case or the companion case disputing those claims. (*Id.*, Order on Mot. for Summ. J. at 2, Dkt. #46.)  (Indeed, counsel should be aware that *his* statements are not evidence and simply writing that he contests the statements has no legal effect.)