HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GRANGE INSURANCE ASSOCIATION, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>DARYL LUND, a Washington resident; JAMES P. SPURGETIS, as Guardian for the Estate of GARY DVOJACK, and SARAH DVOJACK, a Washington resident,<br><br>            Defendants,<br><br>      v.<br><br>CENTURY SURETY COMPANY, a foreign insurer, JO & JA, INC., a Washington corporation, LAURIE RAGER, and JAMES MICHAEL ABBOTT,<br><br>            Third-Party Defendants. | CASE NO. C13-5362 RBL<br><br>ORDER DENYING DVOJACK'S MOTION TO VACATE AND REMAND<br><br>[DKT. # 55] |

THIS MATTER is before the Court on Dvojack's Rule 60(b) Motion to Vacate the Court's Order Granting Century's Motion for Summary Judgment [Dkt. # 54]. Century's

ORDER - 1

Motion argued that this Court had already dismissed most of Dvojack's bad faith claims[1] against Century in a prior action [Dkt. #47 in Cause No. 12-5731 RBL], and that his current assertion of the same claims in this case was barred by *res judicata*. Based on that prior adjudication (and the appeal of it to the Ninth Circuit), this Court agreed that Dvojack's effort to re-litigate those same pre-judgment bad faith claims in this case was barred: Dvojack was not entitled to a second bite at the apple.

Dvojack's Motion asks the Court to Vacate the Order dismissing those claims, arguing that the prior appeal divested this Court of jurisdiction to "resurrect and re-adjudicate" the bad faith claims that he re-asserted in this second case. [Dkt # 55 at 3]   Dvojack simultaneously claims that the Court's *res judicata* determination was erroneous because its Order in the prior case did *not* adjudicate his pre-judgment bad faith claims.

Dvojack also argues, again, that this Court does not have diversity jurisdiction over this case, in any event.  He argues that all of these problems can and should be remedied by remanding the case to Lewis County so that all of his bad faith claims—including the "pre-judgment" bad faith claims he readily acknowledges were "already dismissed" in the prior case, and that he affirmatively claims are currently on appeal—can nevertheless be freely and fully litigated there, as though none of these other facts existed.

Because these arguments are not persuasive, the Motion is DENIED.

---

[1] Some of Dvojack's current bad faith claims arose *after* the judgment in the First Action, and the Court denied Century's Motion on these "post-judgment" bad faith claims on that basis. Dvojack's "pre-judgment" bad faith claims were virtually identical to the claims initially asserted by Jo & Ja and Lund, prior to the assignment of those claims to Dvojack.  Those claims were dismissed in the First Action.

**A. Dvojack—not the Court—is improperly attempting to resurrect previously-dismissed claims.**

Dvojack's first argument is puzzling. He claims that because he appealed this Court's dismissal of his pre-judgment bad faith claims in the prior case, the Court does not have jurisdiction over the duplicative pre-judgment bad faith claims that *he has asserted in this case*:

> Century's Response does not question the Ninth Circuit's **exclusive jurisdiction** over Dvojack's **pre-judgment bad faith claims** under the rule in *Gould v. Mut. Life Ins. Co.*, 790 F.2d 769, 773 (9th Cir. 1986), that "[t]he filing of a notice of appeal divests the district court of jurisdiction." Century cites no authority which supports this Court's continuing jurisdiction over the pre-judgment bad faith claims it dismissed in its March 14, 2013 final Judgment in a Civil Case. A notice of appeal has been filed, and the Ninth Circuit has accepted review of the entire March 14, 2013 Judgment–which **dismissed *all* of Dvojack's assigned bad faith claims**[.]

Dkt. #59 at 1-2 (emphasis added).

But the Court is not "resurrecting and re-dismissing" those claims, or "issuing advisory opinions" as to them. Rather, Dvojack asserted the claims, again, and Century's Motion correctly pointed out that they were already the subject of an earlier case and dismissal, and an ongoing appeal. Dvojack admits that his current pre-judgment bad faith claims are duplicative of pre-judgment bad faith claims that were already asserted, dismissed, and appealed. He concedes that the Ninth Circuit has "exclusive jurisdiction" over "all of those claims." But that is not a reason[2] to *vacate* the Court's Order; it is instead the very basis for it: he cannot re-assert those claims in this case.

If the Ninth Circuit affirms this Court's dismissal of the pre-judgment bad faith claims in the prior case, Dvojack is obviously not entitled to re-litigate them in this one. If it reverses and remands, then those claims will be tried—*in the First Action*. Either way, there is no legal or

logical authority for permitting Dvojack to re-litigate the claims here, in Lewis County, or anywhere else, while they are on appeal in the Ninth Circuit.

The Motion to Vacate or Remand based on the pendency of Dvojack's appeal in the First Action is DENIED.

**B. The Court's Order resolving the First Action adjudicated his pre-judgment bad faith claims.**

Dvojack's Response [Dkt. # 43] to Century's *res judicata* Summary Judgment Motion [Dkt. #15] did not claim (as his Motion to Vacate now does) that the Court's Order in the First Action was not entitled to *res judicata* effect. Nor did he claim, as he now does, that the prior dismissal was wrong or that it should be re-visited. Instead, he surmised that the Ninth Circuit *might* have jurisdiction over the pre-judgment bad faith claims, and incongruously asked the Court to remand this case to Lewis County for adjudication in that event:

> If the Ninth Circuit has jurisdiction over those pre-Judgment claims, such that they cannot be fully adjudicated in this action, then the Dvojacks respectfully request the Court to remand this case to the Lewis County Superior Court so that both their assigned pre-Judgment and post-Judgment claims against Century may be adjudicated in a parallel state proceeding without splitting their cause of action.

[Dkt. #43 at 2]. Dvojack's proposed "cure" for the fact that the claims had already been dismissed and appealed was, and is, a non-sequitur; if those claims are on appeal to the Ninth Circuit, then they cannot be re-litigated elsewhere unless and until that appeal is complete. Indeed, Dvojack's first argument depends on the accuracy of this reasoning. He has not cited any authority even suggesting that a remand in this circumstance is permissible or appropriate, and the Court has found none.

Dvojack's Response also argued that if the Court *did* exercise jurisdiction over the claims despite the prior Order and the appeal, issues of fact about the merits of his bad faith claims precluded summary judgment. He did not address the application of *res judicata*—the entire

basis for the Motion—at all.  He instead treated the Motion as one on the merits of his bad faith claims, and ignored the legal implications of the fact that they had already been dismissed with prejudice.

Dvojack's new[3] claim that the final Order in the First Action was wrong is one that can, and presumably will, be made to the Ninth Circuit in connection with his appeal of that Order. But it is not a basis for vacating this Court's Order in *this* case, which determined that the claims had already been dismissed with prejudice, and were thus barred.

The Motion to Vacate based on the alleged shortcomings of the Court's Order in the First Action, and the request for a remand to Lewis County based on them, is DENIED.

**C.  The renewed Motion to Remand based on lack of diversity is denied.**

Dvojack also claims, again, that this Court does not have jurisdiction for a separate reason: lack of diversity jurisdiction.  He argues that this too is a basis for remanding the case to Lewis County. This matter has been fully briefed and decided [*See*, for example, Dkt. #s 19, 29 and 30].  The Motion to Vacate and Remand for lack of diversity jurisdiction is DENIED.

**D.  The Court is prepared to rule on the *Cedell in camera* review of Century's post-judgment files and communications.**

The Court has reviewed Century's submittals in response to the Court's prior Order [Dkt. #54] on its Motion for Protective Order.  The parties have recently filed a Joint Status Report indicating that the trial will proceed as scheduled.  Unless Dvojack indicates that this Order will

---

[3] What is *not* new, unfortunately, is Dvojack's strident, accusatory tone. The Court has addressed this issue before, as well.  See Dkt. #35 at note 1.  Adjectives and invective are not a substitute for evidence, authority, or sound legal reasoning.

be the subject of an interlocutory appeal, the Court will issue an Order on that disputed discovery by May 21.

      IT IS SO ORDERED.

      Dated this 14th day of May, 2014.

*[signature: Ronald B. Leighton]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE