HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GRANGE INSURANCE ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DARYL LUND, et al.,<br><br>Defendants. | CASE NO. C13-5362 RBL<br><br>ORDER DENYING DVOJACK'S MOTION FOR A CERTIFICATE OF APPEALABILITY<br><br>[DKT. #63] |

THIS MATTER is before the Court on Dvojack's Motion [Dkt. #63] for a Certificate of Appealability (for interlocutory review) under 28 U.S.C. §1292(b). He seeks to appeal this Court's Order [Dkt. #62] Denying his Motion [Dkt. #55] to Vacate the Court's prior Order [Dkt. #54] Granting in part Century's Motion for Summary Judgment on the *res judicata* effect of the Court's final order in a related case, Cause No. 12-5731 RBL. He also seeks to appeal this Court's denial of his Motion to Remand [Dkt. #55] based on lack of diversity jurisdiction.

This Court has ruled, generally, that Dvojack's "pre-judgment" bad faith claims were asserted and adjudicated in the First Action. That judgment is on appeal. It ruled that Dvojack's "post-judgment" bad faith claims—claims that arose from Century's post-judgment offer to pay the remainder of its "wasting" limit in exchange for a release of its insured and itself—were

properly asserted in this second case, and that the remaining parties are diverse. It also ordered Century to produce a limited set of its claims file and attorney-client communications for *in camera* review, under *Cedell v Farmers Ins. Co.*, 176 Wn.2d 686 (2013).

Dvojack argues, again, that his bad faith claims are now improperly "split"—that his pre-judgment claims are on appeal in the First Action, while his post-judgment claims await resolution here. Dvojack's current motion asks the Court to permit an immediate appeal of the Court's *res judicata* Order. He claims that doing so will "materially advance the ultimate termination of the litigation" and remedy the tangle of cases and appeals that this dispute has become.

Century opposes immediate appeal, arguing that it will not streamline this case and that the Order in question does not otherwise meet the statutory requirements for an interlocutory appeal.

Certification of a non-appealable order under 28 U.S.C. §1292(b) is appropriate only when the following three requirements are met: (1) the order involves a controlling question of law; (2) as to which there is a substantial ground for a difference of opinion; and (3) an immediate appeal from the order could materially advance the ultimate termination of the litigation. *See*, 28 U.S.C. §1292(b); *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1025-26 (9th Cir. 1982). Certification under §1292(b) "is to be applied sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Exceptional cases are those in which allowing interlocutory appeal would avoid protracted and expensive litigation. *In re Cement Antitrust Litigation*, 673 F.2d at 1026.

Dvojack claims that an immediate appeal of the *res judicata* Order (and a consolidation of that appeal with the ongoing appeal in the First Action) will resolve the "claim-splitting" problem. But the post-judgment bad faith claims have not been resolved; there is nothing to appeal with

respect to those claims.  Even if the *res judicata* Order is appealed now, Dvojack's post-judgment bad faith claims will remain (presumably stayed) in this Court.

Dvojack continues to argue that this Court erred in "re-adjudicating" his pre-judgment bad faith claims, because he had already appealed their dismissal in the First Action and the Ninth Circuit has (exclusive) jurisdiction over them.  The Court continues to struggle to grasp this argument, at least as it is offered in support of an immediate appeal.

The Court dismissed the pre-judgment bad faith claims in this First Action, and Dvojack appealed.  *Dvojack re-asserted* his pre-judgment bad faith claims in this second case, and Century pointed out that they were barred by *res judicata*.  The Court agreed, and dismissed the claims on that basis.  Dvojack now claims that the Court did not have jurisdiction to do so, because of the prior appeal.  But the claims were in this case only *because Dvojack (re-)filed them here*.  If the Court did not have jurisdiction to dismiss the re-asserted claims, presumably it did not have jurisdiction to hear them at all.  Dvojack is arguing that this Court erred is dismissing his claims because his claims were not properly before it.  Dismissal was and is the only logical course.

Dvojack now seems to concede that this is correct, and that the fate of his pre-judgment claims is solely in the hands of the Ninth Circuit, on his appeal of this Court's judgment in the First Action.  Thus, appealing the *res judicata* Order would not advance the ultimate termination of this case, which involves only his remaining "post-judgment" bad faith claims.  Indeed, permitting an interlocutory appeal would likely result in yet another appeal when these as-yet-un-adjudicated claims are finally resolved.

Dvojack also seeks to immediately appeal this Court's denial of his motion to remand this case to Lewis County, because, he claims, the parties are not diverse.  This question has been addressed twice before [Dkt. #s 30 and 62]. For the reasons articulated in the Court's prior orders, there is diversity jurisdiction.  And, even if there was not, remanding Dvojack's remaining, post-

judgment bad faith claim to Lewis County would not resolve the "claim-splitting" problem that he asserts as the primary goal of this motion.

For all of these reasons, an interlocutory appeal would not materially advance the ultimate termination of the litigation. The Motion for a Certificate of Appeal [Dkt. #63] under 28 U.S.C. §1292(b) is DENIED.

***

The remaining issue is the fate of the documents produced by Century for *in camera* review under *Cedell*. It is this Court's task to determine whether there is "a factual foundation for the claim of bad faith to proceed," on the post-judgment bad faith claims.

The Court has completed its review. For at least some time period, Century made a settlement offer conditioned on a release of itself, as well as its insured. That offer meets the threshold for production, and this Court reads *Cedell* as requiring an essentially complete production. It is beyond the scope of the Court's inquiry to determine at this stage whether Century's offer had any actual adverse effect on Dvojack.

The documents reflected in Century's privilege log, and contained in the smaller notebook produced on February 20, 2014, should be produced in their entirety *EXCEPT* that the two documents reflecting reinsurance information[Tab #44s and 48] need not be produced. The production should be done within ten days.

IT IS SO ORDERED.

Dated this 21st day of July, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

[DKT. #63]  4